Jeffrey I. Golden, State Bar No. 133040
**WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP**
P.O. Box 2470
Costa Mesa, California 92628-2470
Telephone   (714) 445-1013
Facsimile    (714)-966-1002

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>UNITED LAW GROUP, INC.,<br><br>Debtor. | Case No. 8:10-bk-18945 RK<br><br>Chapter 7<br><br>**EMERGENCY MOTION OF TRUSTEE FOR ORDER COMPELLING TURNOVER OF PROPERTY OF THE ESTATE AND FOR INJUNCTIVE RELIEF; DECLARATIONS OF LINDA NORTON, JENNIFER PAPADOPOLOUS AND JEFFREY I. GOLDEN IN SUPPORT**<br><br>DATE:   September 27, 2010<br>TIME:   1:30 p.m.<br>DEPT:   5D |

TO THE HONORABLE ROBERT KWAN, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Jeffrey I. Golden, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of United Law Group, Inc. (the "Debtor" or "ULG"), hereby files this emergency motion for order compelling turnover of property of the Estate and for injunctive relief pursuant to 11 U.S.C. § 541, 542 and 105 (the "Motion") and declarations of Linda Norton and Jennifer Papadopolous in support thereof, and respectfully represents as follows:

486192.3     1     EMERGENCY MOTION

## I. INTRODUCTION

Debtor was a law firm practicing primarily out of the premises located at 2525 Campus Drive, Irvine, California (the "Leased Premises"). Debtor has subleased a portion of the Leased Premises to among others, an entity called Serious Pimp, Inc. Damien Kutzner is the CEO of Serious Pimp, Inc. and the COO of ULG.

## II. FACTUAL BACKGROUND

### A. Turnover/Injunction

On June 20, 2010, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On September 16, 2010, the case was converted to a chapter 7, and Jeffrey I. Golden was appointed as the chapter 7 trustee (the "Trustee").

Immediately upon my appointment, I secured all of the premises and the identifiable books, records and assets of the Debtor.

Serious Pimp purportedly is a subtenant of the Debtor, although Serious Pimp has never actually paid rent, and presumably received rent credits from the Debtor. Damien Kutzner is involved in both ULG and Serious Pimp and his salary in ULG was approximately $28,000 a month while the attorneys at ULG were making significantly less.

As soon as I was appointed I secured the premises but gave the ostensible tenants access to the property whenever they needed by providing them with cell phone numbers of the Trustee and of his agents. I continually provided the various parties access to the property.

I did this notwithstanding the fact that that I found internal documents in which it appeared that ULG may have been paying the accounts payable of Serious Pimp and the fact that ULG may have been paying for certain items from Serious Pimp and the fact that there were interconnections in excess between the two entities such that the assets and liabilities of the entities may have been comingled.

Regardless, however uncertain, I concluded that various Serious Pimp merchandise did at least ostensibly belong to Serious Pimp and at Damien Kutzner's

request, last Friday I released the majority of the inventory of Serious Pimp for concerts that were allegedly taking place last weekend. Mr. Kutzner and I were going to meet today in order to discuss further matters.

Unbeknownst to me, the Trustee's agent discovered that Saturday night that Mr. Kutzner and others were removing property, not only of Serious Pimp, but of ULG without authorization, without information, and contrary to the direct understanding and agreement with me. The police were called. The police however were confused because of the ostensible existence of a sublease agreement and not understanding the role of a bankruptcy trustee and what constitutes property of the estate under section 541. The police indicated that an injunction would be necessary and required in order to have them enforce this matter.

On Sunday night, again, the same situation occurred only this time my agents were able to chase them away before they could do anything. I have put in people to watch the property 24 hours a day but even watching them 24 hours a day may not stop them from forcibly entering the property to try to take property that does not belong to them.

The police indicated they will only enforce my responsibilities as Trustee of ULG in the event that an injunction is issued.

Moreover, I believe that turnover from Mr. Kutzner of Serious Pimp of all items he took over the weekend is necessary immediately. Until they are returned, the Trustee requests that Mr. Kutzner and Serious Pimp pay $1,000 per day in civil contempt and Mr. Kutzner incarcerated, until the items taken this weekend are returned to the estate. Mr. Kutzner and Serious Pimp's actions undermine the bankruptcy system and the Trustee's ability to administer this estate properly and effectively.

I would request that the injunction issue in connection with Serious Pimp, Damien Kutzner, and any person or persons acting in concert with them such that no one be permitted to enter or access the property without the written consent from the Trustee or court order.

Section 542 allows for turnover of property of the estate and clearly sets forth in the attached declarations property of the estate has been taken. Moreover, section 105 allows an injunction to issue in order to effectuate provisions of this title and clearly in this case, given the inability of the police to enforce the Trustee's responsibilities in this matter an injunction under section 105 is also appropriate.

The hardships clearly tip in favor of the Trustee. There is no prejudice to Mr. Kutzner or Serious Pimp from asking the Bankruptcy Court first in order to get certain items or simply asking the Trustee as they have in the past and to which the Trustee has complied. The prejudice is to the Trustee and to the estate not to them. There is no adequate remedy at law for this and therefore the injunction should issue.

## III. NOTICE

The Trustee gave telephonic notice to the U.S. Trustee's Office and to Vito Tritia at approximately 10:23 a.m. The Trustee also called Damien Kutzner's and Serious Pimp's lawyer, Jack Kornan and spoke with him and gave him telephonic notice at approximately the same time. He also called Damien Kutzner at his phone number but the voicemail box was full and therefore at approximately 10:23 to 10:25 the Trustee sent a series of text messages providing notice of the hearing but has not received any response after speaking with Jack Kornan or leaving the messages for Damien Kutzner. He also subsequently left a message for Kelly Johnson, the agent for service for Serious Pimp.

## IV. CONTEMPT

Further, the Trustee believes that a contempt order should issue for civil Contempt in the manner prescribed above until the property is turned over to the estate.

## V. CONCLUSION

In light of the foregoing, the Trustee respectfully requests that:

Serious Pimp and Damien Kutzner and all those acting in concert with them be ordered to turn over all property taken from the premises this past weekend and civil contempt issue in the manner described above and an injunction against them from doing this in the future absent further court order. Otherwise there is no question this will occur again.

Dated: September 27, 2010        By: /s/ Jeffrey Golden
                                                              JEFFREY I. GOLDEN
                                                              Chapter 7 Trustee

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013  Fax (714)-966-1002

## DECLARATION OF LINDA NORTON

I, Linda Norton, declare as follows:

1.    I am a part time agent for Independent Management Service, ("IMS") the agent employed by the Trustee in this case. I have assisted in providing supervised access to the Leased Premises to afford the subtenants access to the Leased Premises. The following is based upon my personal knowledge and if called as a witness herein, I could and would competently testify thereto.

2.    On Saturday, September 25, 2010, at the request of Jennifer Papadopolous, at approximately 6:30 p.m., I drove by the Lease Premises. I noticed that the side door to the Leased Premises was open. I parked the vehicle that I ran in and saw that the back door was also open and that one man was loading a printer onto a table to be pushed to the back door. I never saw this man before. I did recognize one of the individuals as being Damien Kutzner, the CEO of Serious Pimp, a subtenant of the Debtor and former employee of the Debtor. I recognized him because on Friday he had delivered documents for the Trustee to me earlier in the week.

3.    I approached Mr. Kutzner and asked him what he was doing at the Leased Premises and how he had gotten in. He responded that the door was open. I advised him that I knew the door was not open because I was the one who had secured the Lease Premises on Friday evening. Mr. Kutzner responded that he was a subtenant and that he had every right to access the premises and remove his property. I again advised him that he was not authorized to removed any property at this time. I thereafter contacted the Trustee.

4.    The police came but would not help because they were uncertain about the role of a bankruptcy trustee.

5.    After they left, I realized a large number of ULG computers were gone from the conference room which were there Friday night when I locked up.

6. On Friday, the day before, the Trustee has authorized Mr. Kutzner, on behalf of Serious Pimp, to remove approximately 20% of their sales merchandise that Mr. Kutzner claimed was required for a show. Instead of removing 20% as authorized, over 80% of the merchandise was removed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of September, 2010, at Costa Mesa, California.

*Linda Norton* (signature)

Linda Norton

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013  Fax (714) 966-1002

# DECLARATION OF JENNIFER PAPADOPOULOS

I, Jennifer Papadopoulos, declare as follows:

1. I am the owner of Independent Management Services ("IMS"), the duly authorized agent for the Trustee, Jeffrey I. Golden. The following is based upon my personal knowledge and if called as a witness herein, I could and would competently testify thereto.

2. IMS was retained by the Trustee upon his appointment on September 16, 2010. I immediately secured the Lease Premises and took inventory of the Debtor's books, records and personal property. I am familiar with the Debtor's Lease Premises and the fact that the Debtor as subleased some of the Leased Premises to subtenants, including, but not limited to Serious Pimp.

3. At the Trustee's instruction I have provided supervised access to the subtenants in an attempt to not inconvenience their businesses. On Friday, at the instruction of the Trustee, Serious Pimp was provides access to remove merchandise that they requested and indicated was needed for sale at a show that was going forward over the weekend.

4. On Saturday evening, I was contacted by my agent Linda Norton who I had requested to drive by the Lease Premises as a pre-caution. She indicated that when she was driving by she noticed that the premises that she has secured on Friday evening were opened and that there were two people loading merchandise onto a truck. I advised Mr. Norton to call the Trustee and I made arrangements for a security guard to be placed onto the Leased Premises for the evening and the next day which was Sunday, September 26, 2010.

5. I approximately 11:15 p.m. I arrived at the Leased Premises to take over for the Security guard. The security guard informed me that at approximately 11:00 p.m. on Sunday evening when he was outside of the Lease Premises he was approached by Damien Kutzner and two other people, one of which was identified by Mr. Kutzner as a

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013   Fax (714) 966-1002

locksmith. Mr. Kutzner indicated that he was there to pick up the remaining items of Serious Pimp. The security guard advised Mr. Kutzner and the other individuals that they were not authorized to have access to the Leased Premises. He further indicated that the Trustee's agent was on his way and would be there shortly.

6. Mr. Kutzner and the alleged locksmith got into Mr. Kutzner's car and left before I arrived.

7. The guard further indicated that approximately 4:00 a.m. on Sunday morning he noticed that two individuals were at the side door adjacent to the kitchen attempting to pull on the door and gain access. When he approached the individuals, that suddenly acted as if they were drunk and walked away quickly from the Lease Premises. He also indicated that a truck was parked across for about 4 hours and that he felt that the building was being watched.

8. One of the three individuals who arrived with Mr. Kutzer remained and identified himself as Vito Tortia (sp?) and that he was a former employee of the Debtor. He also told me that he was the legal observer on behalf of Damien Kutzner was there to oversee that Mr. Kutzner did not remove anything from the Lease Premises that was not authorized. I advised Mr. Tortia that the Trustee was investigating the unlawful entry that was made to the Leased Premises and that no access would be provided until the investigation had been completed including possible criminal prosecution. If he insisted on gaining access to the Lease Premises, I would call the police. He then left. I remained on the Leased Premises for the remainder of the evening and nothing further occurred.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of September, 2010, at Costa Mesa, California.

JENNIFER PAPADOPOULOS

## DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1.  I am the duly appointed chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of United Law Group, Inc. ("Debtor") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  On June 20, 2010, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On September 16, 2010, the case was converted to a chapter 7, and Jeffrey I. Golden was appointed as the chapter 7 trustee (the "Trustee").

3.  Immediately upon my appointment, I secured all of the premises and the identifiable books, records and assets of the Debtor.

4.  Serious Pimp purportedly is a subtenant of the Debtor, although Serious Pimp has never actually paid rent, and presumably received rent credits from the Debtor. Damien Kutzner is involved in both ULG and Serious Pimp and his salary in ULG was approximately $28,000 a month while the attorneys at ULG were making significantly less.

5.  As soon as I was appointed I secured the premises but gave the ostensible tenants access to the property whenever they needed by providing them with cell phone numbers of the Trustee and of his agents. I continually provided the various parties access to the property.

6.  I did this notwithstanding the fact that that I found internal documents in which it appeared that ULG may have been paying the accounts payable of Serious Pimp and the fact that ULG may have been paying for certain items from Serious Pimp and the fact that there were interconnections in excess between the two entities such that the assets and liabilities of the entities may have been comingled.

7.  Regardless, however uncertain, I concluded that various Serious Pimp merchandise did at least ostensibly belong to Serious Pimp and at Damien Kutzner's request, last Friday I released the majority of the inventory of Serious Pimp for concerts

that were allegedly taking place last weekend. Mr. Kutzner and I were going to meet today in order to discuss further matters.

8. Unbeknownst to me, the Trustee's agent discovered that Saturday night that Mr. Kutzner and others were removing property, not only of Serious Pimp, but of ULG without authorization, without information, and contrary to the direct understanding and agreement with me. The police were called. The police however were confused because of the ostensible existence of a sublease agreement and not understanding the role of a bankruptcy trustee and what constitutes property of the estate under section 541. The police indicated that an injunction would be necessary and required in order to have them enforce this matter.

9. On Sunday night, again, the same situation occurred only this time my agents were able to chase them away before they could do anything. I have put in people to watch the property 24 hours a day but even watching them 24 hours a day may not stop them from forcibly entering the property to try to take property that does not belong to them.

10. The police indicated they will only enforce my responsibilities as Trustee of ULG in the event that an injunction is issued.

11. Moreover, I believe that turnover from Mr. Kutzner of Serious Pimp of all items he took over the weekend is necessary immediately.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of September, 2010, at Costa Mesa, California.

/s/ Jeffrey Golden
_____
Jeffrey I. Golden